BRIGGS-KILLIAN COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 92562. Promulgated November 14, 1939.

*Robert L. Sonfield, Esq.*, and *Ira S. Taylor, Esq.*, for the petitioner.
*I. M. Tullar, Esq.*, for the respondent.

OPINION.

ARNOLD: Section 45 of the Revenue Act of 1936,[1] set forth in the margin, authorizes the respondent to distribute, apportion, or allocate gross income between or among organizations, trades, or businesses that are owned or controlled directly or indirectly by the same interests, *if* he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect income. Invoking the authority conferred by this section, the respondent has determined that it is necessary to allocate the profits resulting from completion of the Nueces County paving project to this petitioner. The applicability of the section is not only challenged by petitioner but also its constitutionality if applied to the instant facts.

The legislative purpose of section 45 was to prevent the avoidance of taxes or the distortion of income by the shifting of profits from one business to another. *Asiatic Petroleum Co.* v. *Commissioner*, 79 Fed. (2d) 234, 237, affirming 31 B. T. A. 1152; certiorari denied, 296 U. S. 645. To accomplish this purpose the Congress vested broad discretionary powers in the respondent. Where, as here, the respondent has exercised his discretion, the burden is placed upon the petitioner of showing that respondent's determination is arbitrary and that he has abused the authority vested in him. *Welworth Realty Co.*, 40 B. T. A. 97, 100; *Connery Coal & Investment Co.* v. *Commissioner*, 84 Fed. (2d) 485. *Nowland Realty Co.* v. *Commissioner*, 47 Fed. (2d) 1018.

---

[1] SEC. 45. ALLOCATION OF INCOME AND DEDUCTIONS.

In any case of two or more organizations, trades, or businesses (whether or not incorporated, whether or not organized in the United States, and whether or not affiliated) owned or controlled directly or indirectly by the same interests, the Commissioner is authorized to distribute, apportion, or allocate gross income or deductions between or among such organizations, trades, or businesses, if he determines that such distribution, apportionment, or allocation is necessary in order to prevent evasion of taxes or clearly to reflect the income of any of such organizations, trades, or businesses.

The petitioner has attempted to meet its burden by showing that section 45 has no application to the present circumstances. The contract between M. B. Killian and Heldenfels Brothers was produced for the purpose of showing that it was a private agreement between the contracting parties. No portion of this agreement indicates that Killian was acting for any one other than himself. Heldenfels Brothers was a separate organization connected in no manner with petitioner or any other Briggs company affiliate. Killian and R. W. Briggs testified unequivocally that it was an individual undertaking, and no facts or circumstances were developed on cross-examination, or otherwise, which refuted or weakened their statements.

The respondent relies upon *Asiatic Petroleum Co.*, *supra*, and upon the fact that profits were divided by Killian and Briggs upon the same basis as their stock ownership in petitioner; that the books and records of the paving job were kept by the same party that kept the books and records of other Briggs companies; that petitioners' machinery and equipment and its mechanic were used in completing the contract, and that Killian, individually, was financially unable to perform this contract. These factors are all evidentiary and must be weighed in determining the issue, but they are insufficient, when considered with the other facts of record, to justify a conclusion that profits individually earned should be allocated to and taxed as the income of a corporation not a party to the undertaking. To so hold would, in our opinion, be an unwarranted extension of section 45 which would distort rather than clearly reflect income. The cited case is not controlling because it involved an entirely different factual situation.

According to respondent the fact that R. W. Briggs, individually, owns a majority of the stock in a number of companies creates a situation where two or more organizations, trades, or businesses are owned or controlled directly or indirectly by the same interest. If, says respondent, section 45 permits a "distribution, apportionment, or allocation" of income *within* a group of related or controlled corporations, in order to arrive at the true tax liability of a corporation, wherein does the statute prevent him from making a distribution, apportionment, or allocation of income to a corporation within that same group when that corporation attempts to shift the profit outside a group in order to avoid its true tax liability?

The answer to this question is that there is no business relationship between the single individual contract performed here and the continuing business enterprise of this petitioner. If the individual were continually engaged in the same line of endeavor as petitioner, used the latters' assets, its employees, its office force, etc., it might be necessary, that, in order to clearly reflect income, the accounts of the two

businesses, individual and corporate, should be consolidated. But there was no confusion of accounts here which required a distribution, apportionment, or allocation in order to clearly reflect income. Respondent makes no effort to justify his determination upon the ground of confusion in the accounts or inability to determine income. In fact, the opposite is true; the amount of profit was determined without apparent difficulty from the books and records. Petitioner received none of the profits and we seriously doubt that if losses had resulted respondent would have made any allocation of such losses so as to permit a deduction thereof by petitioner. *Ellison* v. *Commissioner*, 76 Fed. (2d) 509; *Remco S. S. Co.* v. *Commissioner*, 82 Fed. (2d) 988.

We are satisfied that respondent's determination, if sustained, would project section 45 into a tax field that was not contemplated by Congress when that section was enacted. The purpose of the section was to permit respondent to act where the necessity existed, and where, without some affirmative action on his part, taxes might be evaded, or income would not be clearly reflected. Here, there was no attempt to evade taxes, and, since petitioner's books and accounts clearly reflect its income, there was no necessity for respondent to invoke section 45. His action in that regard is, therefore, disapproved.

*Decision will be entered under Rule 50.*